**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAIME B. NORRIS, | ) | CASE NO. 1:23-cv-01540 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOC. SEC., | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |
| | ) | |

On August 8, 2023, Plaintiff Jaime B. Norris filed his Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying his application for a Period of Disability and Disability Insurance Benefits. (R. 1). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On April 1, 2024, Magistrate Judge James E. Grimes, Jr. issued his Report and Recommendation. The Magistrate Judge recommends that the Court affirm the Commissioner's decision. (R. 13). Plaintiff filed objections within the fourteen-day deadline. (R. 14). The Commissioner filed a response. (R. 15).

For the reasons below, Plaintiff's objections (R. 14) are overruled and the Report and Recommendation (R. 13) is adopted.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

**A. Relevant Background**

With respect to a July 28, 2022 treating source opinion from Barabara Hunt, Ph. D., CPCC, CSW (R. 7, PageID# 696-701, Tr. 662-667), the ALJ determined that:

> This opinion is out of proportion with the progress notes from Dr. Hunt, which demonstrated the claimant moved to multiple locations in recent years (Louisiana, Nevada, Montana, Indiana, Illinois, and Ohio), that the claimant gets along with roommates and friends online, he was able to manage household chores, and working part-time. The claimant's mental status findings were also inconsistent with the "marked" and "extreme" limitations as he presented as cooperative, pleasant, alert, with normal cognition and memory, and reporting a good response to medication with his prescribing providers. As a whole, Dr. Hunt's opinion is out of proportion with the evidence regarding the claimant's functioning during this period, and therefore is not persuasive.

(R. 7, PageID# 73, Tr. 38-39). The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform medium exertional work with some environmental restrictions and the following non-exertional limitations: "[t]he claimant can perform simple routine tasks (consistent with unskilled work); can perform work with infrequent change where changes are explained in advance and gradually implemented; and can engage in superficial interaction (meaning of a short duration for a specific purpose) with others." (Tr. 68).

The ALJ found Plaintiff was unable to perform his past relevant work and proceeded to Step Five of the sequential evaluation where the ALJ determined that a significant number of jobs existed that Plaintiff could perform based on the vocational expert's (VE) testimony.[1] (Tr. 74-75).

---

[1] The VE identified the following "representative" jobs that an individual with Plaintiff's limitations could perform: sorter, small parts, Dictionary of Occupational Titles (DOT) 521.687-086 (1,800 jobs nationally); table worker, DOT 739.687-182 (1,000 jobs nationally); and document preparer, DOT 249.587-018 (16,000 jobs nationally). (Tr. 79). These jobs add up to 18,800 jobs nationally.

3

Plaintiff's Objections to the Report and Recommendation raises the following objections: (1) the R&R incorrectly found the opinion of Dr. Hunt was a "check-box" form; and (2) the R&R incorrectly found that a significant numbers of jobs existed that Plaintiff could perform. (R. 14).

**B. Objections**

    **1. Check-Box Format**

In his objections, Plaintiff takes issue with the R&R's determination that the opinion of Dr. Hunt was a "check-box" form, and suggests that because the ALJ never noted this, it constitutes a *post hoc* argument. (R. 14, PageID# 1491-1492). Plaintiff also disagrees that the opinion of Dr. Hunt was in a check-box format, asserting that "Dr. Hunt not only defined relevant limitations, but also provided written details and explanation." *Id*. citing Tr. 662.

First, the Court has reviewed the July 28, 2022 RFC questionnaire completed by Dr. Hunt (Tr. 662-667) and agrees with the Magistrate Judge that it constitutes a classic check-the-box style form. Plaintiff cites the only portion of the form that did not involve checking an "x" or circling "yes" or "no" by Dr. Hunt, which is comprised of three short fragments of sentences: "Patient struggles w/ extreme anxiety w/ agoraphobia. He isn't able to leave his residence w/o someone with him. Very dependent & unable to make own decisions." (Tr. 662).

This Court has previously observed that "numerous decisions have found that the use of checklist or check-the-box forms that contain little to no accompanying explanation for the assessed limitations—even when utilized by a treating physician or acceptable medical source—are unsupported opinions and, therefore, an ALJ may properly reject source opinions contained in such forms." *Maldonado v. Saul*, No. 1:20-cv-01120, 2021 U.S. Dist. LEXIS 143295, at *15 (N.D. Ohio July 26, 2021). One Sixth Circuit decision went even further and determined that a

4

check-box opinion, unaccompanied by any explanation, is " 'weak evidence at best' and meets our patently deficient standard." *Hernandez v. Comm'r of Soc. Sec.*, 644 Fed. App'x 468, 475 (6th Cir. 2016) (*citing Friend v. Comm'r of Soc. Sec.*, 375 Fed. App'x 543, 551 (6th Cir. 2010)). The doctor's statement amounts to nothing more than a diagnosis—extreme anxiety with agoraphobia—coupled with alleged restrictions. No attempt is made to explain how or why Plaintiff's symptoms prevent him from leaving the household or making decisions.

Moreover, to the extent the objections suggest the Magistrate Judge's resolution of Plaintiff's first assignment of error hinged on the above determination, it would be inaccurate. The R&R contains a thorough and lengthy (nearly nine-page) analysis of the ALJ's decision concerning the weight ascribed to Dr. Hunt's opinion, including great detail given to the consistency, or lack thereof, of the doctor's opinion with her own treatment history. (R. 13, PageID# 1478-1487). Notably, Plaintiff has not objected to this portion of the R&R. As such, even assuming *arguendo* that Dr. Hunt's opinion was not a checkbox-style opinion of little value, the R&R more than adequately addressed Plaintiff's first assignment of error.

Plaintiff's first objection is not well taken and overruled.

**2. Substantial Number of Jobs**

In his Brief on the Merits, Plaintiff took the position that the 18,800 jobs identified by the VE in her testimony did not rise to the level of "a significant number in the national economy." (R. 9, PageID# 1421). "There is no 'magic number' that qualifies as 'significant' for purposes of satisfying this prong of the disability inquiry." *Cunningham v. Astrue*, 360 F. App'x 606, 615 (6th Cir. 2010) ("the determination is a fact-specific inquiry, guided by common sense") (citing *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)).

The Sixth Circuit has stated:

> We know that we cannot set forth one special number which is to be the boundary between a "significant number" and an insignificant number of jobs. The figure that the ALJ here found is not that magic number; the 1350 figure is to be viewed in the context of this case only. A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

*Hall*, 837 F.2d at 275.

First, the Court notes that Plaintiff's objections have *not* developed any argument asserting that 18,800 jobs nationally is not supported by the facts and circumstances of *this* case. Plaintiff makes no attempt to discuss the factors in *Hall* and argue why 18,800 jobs is not significant as it pertains to the facts and circumstances of *his* case. (R. 14). Instead, Plaintiff's Brief on the Merits had cited a number of non-binding decisions that found a comparable number of jobs—or at times even a greater number of jobs—did not constitute a significant number of jobs in the national economy. (R. 9, PageID# 1421-1422). Essentially, Plaintiff was attempting to establish a sort of *floor* for the number of jobs in the national economy that an ALJ could not go below.

The Commissioner, while acknowledging that the burden shifts to the Commissioner at Step Five of the sequential evaluation to demonstrate that there remains a "significant number" of jobs in the national economy that a claimant is capable of working, cited two Sixth Circuit cases finding that a number less than 18,800 jobs nationally were sufficient. (R. 11, PageID# 1448). The R&R specifically acknowledged the Sixth Circuit's holding in *Taskila v. Commissioner of Social Security*, where the Court of Appeals squarely rejected the argument that 6,000 jobs nationally did not amount to a "significant number" of available jobs. (R. 13, PageID#

1489, *citing Taskila*, 819 F.3d 902, 905 (6th Cir. 2016) ("But caselaw, here and elsewhere, cuts the other way. Six thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'")); *see also Kutyba v. Comm'r of Soc. Sec. Admin.*, 2023 WL 1438853, at *10 (N.D. Ohio Jan. 31, 2023) (finding no error in the ALJ's determination that 14,000 jobs nationally constituted a significant number).

In his reply brief, Plaintiff again eschewed any argument suggesting that 18,800 jobs nationally were insufficient based on the unique facts of this case. Instead, Plaintiff cited a 2021 case from the Eastern District of Michigan that critiqued the Sixth Circuit's holding in *Taskila* and other cases suggesting their conclusions misconstrued local and regional figures for national job figures. The Court disagrees, as a complete reading of the *Taskila* decision provides the unambiguous determination that the court found 200 jobs locally and 6,000 jobs nationally to be a meaningful and significant number of available jobs. *Taskila*, 819 F.3d at 906 (finding the ALJ did not commit reversible error because, *inter alia*, "substantial evidence supports the conclusion that Taskila could perform at least two jobs that are meaningfully available locally (200 jobs) and nationally (6000).").

Plaintiff's objections, however, assert that "the R&R completely ignored Plaintiff's arguments relating to the pure fact that *Taskila* and *Nejat* were based upon improper calculations." (R. 14, PageID# 1493, citing *Isaac v. Comm'r of Soc. Sec.*, 2021 WL 4770122, *7 (E.D. Mich. Sept. 14, 2021) (Altman, M.J.), *report and recommendation adopted by* 2021 WL 4167211, at *1 (E.D. Mich. Sept. 14, 2021)). Plaintiff's assertion is wholly inaccurate. The R&R expressly acknowledges Plaintiff's reply brief, its citations to cases outside of the Northern District of Ohio, and "decisions in other districts that found, as Norris characterized, that *Taskila* was based on 'incorrect calculations/reviews.'" (R. 13, PageID# 1488, citing R. 12, PageID#

1455-1456). The R&R resolved the conflict between the non-binding district court decision from *Isaac* and the Sixth Circuit's decision in *Taskila* as follows:

> The Sixth Circuit has not overruled *Taskila*. *See Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) (relying on *Taskila* for the point that 6,000 jobs could be deemed significant), *cert. denied sub nom. Moats v. Kijakazi*, 143 S. Ct. 785 (2023). It should go without saying that this Court is not going to ignore binding Sixth Circuit precedent simply because Norris thinks that it was wrongly decided.

(R. 13, PageID# 1489).

Albeit succinct, the Court finds no error in the R&R on this point. Indeed, the Sixth Circuit's *Moats* decision, which was decided *after* the Eastern District of Michigan's *Isaac* decision, could have opted against following *Taskila* and citing it with approval, if it had determined, as Plaintiff suggests, that *Taskila* was erroneously decided. While *Taskila* does not establish any sort of bright-line floor or magic number of national jobs that is sufficient to satisfy Step Five, it remains good law in this Circuit for the proposition that as few as 6,000 jobs nationally can constitute significant numbers depending on "a particular claimant's factual situation." *Hall*, 837 F.2d at 275. As stated above, Plaintiff has not raised any argument—aside from his national numbers based argument—that 18,800 jobs do not constitute a significant number of jobs as applied to the particular facts and circumstances of his case.

Therefore, the Court has considered *de novo* Plaintiff's Step Five argument raised as his second objection. However, the Court reaches the same conclusion as the R&R and adopts its finding and overrules the objection.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the above-referenced standard, as well as the ALJ's decision, and Plaintiff's objections. The Court

agrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate Judge's Report and Recommendation (R. 13) is hereby Adopted, Plaintiff's objections are Overruled (R. 14), and the Commissioner's decision is hereby Affirmed.

IT IS SO ORDERED.

September 25, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge